IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MALA VIDA OF AUSTIN, LLC, a Texas limited liability company, | § § § § | |
| | § | Civil Action No. 21-1173 |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| | § § | |
| v. | § § | |
| | § | |
| VICTOR EDUIN TOVAR aka EMC Ricko aka Emce Ricko, an Individual and dba MALA VIDA HOUSTON and dba MALA VIDA, | § § § § § | |
| Defendant. | § § | |

### **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Mala Vida of Austin, LLC (hereinafter "Plaintiff" or "Mala Vida"), for its complaint herein against Defendant Victor Eduin Tovar aka EMC Ricko aka Emce Ricko, an Individual and dba MALA VIDA HOUSTON and dba MALA VIDA (hereinafter "Defendant" or "Tovar"), states the following:

### **NATURE OF ACTION**

1. This is an action for unfair competition and false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This is also an action for infringement of a state registered trademark, common law trademark infringement under Texas law, and common law unfair competition under Texas law in which Plaintiff seeks injunctive relief, monetary damages, and attorney's fees.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §§ 1121, 1125 and 28 U.S.C. § 1338. This Court also enjoys jurisdiction over related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367. Venue is proper in this District under 28 U.S.C. § 1391 as a substantial number of events giving rise to the claim occurred in this district, including misdirected phone calls and Defendant's directed bad acts directed to Plaintiff in this district.

## PARTIES

3. Plaintiff Mala Vida of Austin, LLC is a Texas limited liability company having a principal place of business at 1126 Chicon Street, Unit B, Austin, Texas 78702.

4. Defendant Victor Eduin Tovar aka EMC Ricko aka Emce Ricko and dba MALA VIDA HOUSTON and dba MALA VIDA, is an individual residing in Hockley, Texas. Defendant Tovar may be served by serving him at his residence at 24318 Bar Kay Ln, Hockley, Texas 77447 or wherever he may be found.

## STATEMENT OF FACTS

*Plaintiff's owners, business, and marks*

5. Plaintiff Mala Vida of Austin, LLC ("Plaintiff" or "Mala Vida") is owned by siblings Alma Gabriela Lopez Bucio ("Gabriela Bucio") and Arturo Lopez Bucio ("Arturo Bucio"). As proud independent business-owners and longtime Austin residents, Gabriela and Arturo Bucio are committed to preserving their unique culture and Latin heritage, while supporting the local Austin community. Plaintiff is the most popular and fastest growing restaurant group in Austin.

6. One of Plaintiff's businesses that is particularly popular and rapidly growing is Plaintiff's Mala Vida nightclub. Plaintiff owns and operates Austin's premier downtown nightclub and live music venue for Regional Mexican music. The Hispanic-owned club is located in the heart of downtown Austin right off 6th Street.

7. Plaintiff's venue features a massive outdoor dancefloor and elevated performance stage with first-class audio/video, lighting, and sound systems that can hold up to 1,000 attendees. Mala Vida is also home to an outdoor rooftop bar and a secondary dance floor indoors to keep the party going all night long.

8. Mala Vida hosts today's hottest Regional Mexican music artists, popular Latin acts and local DJs, urbano artists, reggaeton artists, cumbia bands, and much more.

9. Plaintiff has adopted and owns the mark MALA VIDA and is also the holder and owner of Texas Trademark Registration No. 803840778 for the mark MALA VIDA. A true and correct copy of Texas Trademark Registration No. 803840778 is attached as **Exhibit A** and incorporated herein by reference.

10. Plaintiff uses its mark in connection with its nightclub and music hall services. Examples of Plaintiff's mark as used is as illustrated below:

 

11. Plaintiff markets and promotes its nightclub business in various media, including Facebook®, Instagram® and YouTube®. True and correct copies of screenshots of each are attached as **Exhibits B**, **C and D**, respectively, and are incorporated herein by reference.

12. Plaintiff has been recognized and received media coverage both locally and nationally. For example, coverage on Plaintiff has appeared in the Austin American Statesman and the Austin Business Journal.

13. In addition, siblings Gabriela and Arturo Bucio have made a tremendous and positive contribution to the local community with their businesses, including the MALA VIDA nightclub. So much so that on May 7, 2021, the City of Austin proclaimed that May 7, 2021 would for now on be known as "Gabriela and Arturo Bucio Day," such Proclamation made by and presented to them by the Mayor of the City of Austin. A true and correct copy of the Proclamation is attached as **Exhibit E** and incorporated herein by reference.

14. An example of Plaintiff's national recognition includes a write up in the Las Vegas, Nevada Magazine. A true and correct copy of the Vegas Magazine write up is attached as **Exhibit F** and incorporated herein by reference.

15. Plaintiff's website is [www.malavidaaustin.com](www.malavidaaustin.com). A true and correct copy of a screenshot of Plaintiff's website is attached as **Exhibit G** and incorporated herein by reference.

### *Defendant Contacts Plaintiff Asking Permission to Use the MALA VIDA Mark*

16. On or about February 2020, Defendant approached Plaintiff asking Ms. Bucio if Plaintiff would allow Defendant to open up a similar nightclub in Houston under the mark MALA VIDA. Ms. Bucio indicated she did not discuss business during the club's operation and suggested Defendant contact her later to discuss.

17. On or about March 2, 2020, Defendant again reached out via text to Plaintiff asking if Plaintiff would allow Defendant to use MALA VIDA to open a similar nightclub in Houston but "didn't wanna [sic] make a move cause [sic] obviously the name" but stated he "would promote

4

MalaVidaAtx it's like starting a chain of 'MalaVida'".  True and correct copies of texts from Defendant to Ms. Bucio are attached as **Exhibit H**, and incorporated by reference herein.

18. On October 18, 2020, Plaintiff unequivocally rejected Defendant's request to open a similar nightclub in Houston under the mark MALA VIDA.  Defendant then changed his attitude towards Ms. Bucio stating that "in this business nobody needs permission from nobody [sic] . . ."  A true and correct copy of texts between Ms. Bucio and Defendant is attached as **Exhibit I,** and incorporated by reference herein.  Plaintiff had no further contact with Defendant and assumed the matter closed.

*Defendant's Infringement*

19. Sometime after Plaintiff rejected Defendant's request for permission to use Plaintiff's MALA VIDA mark, Plaintiff discovered Defendant disregarded Plaintiff's express objection and opened a similar night club in Houston under the name MALA VIDA.

20. Defendant uses MALA VIDA in connection with his night club services.  Defendant is promoting his MALA VIDA night club in various media, including Instagram® and YouTube® and Tiktok®.  True and correct copies of screenshots of each are attached as **Exhibits J**, **K and L**, respectively, and are incorporated herein by reference.

21. Some examples of Defendant's use of MALA VIDA are as illustrated below:

  

22. A comparison of Defendant's use of MALA VIDA and Plaintiff's MALA VIDA marks evidences the identical mark being used by both parties for identical goods and services.

5

*Instances of Confusion*

23. Plaintiff has experienced several instances of actual confusion. These include misdirected phone calls wherein artists and bands booked by Defendant called Plaintiff asking for Defendant. Other artists booked by Defendant called Plaintiff asking when the artist or band should set up despite the fact Plaintiff had not booked them to perform at MALA VIDA. These calls have been received by both Gabriela and Arturo Bucio as well as other members of their management team.

24. By way of example, on or about September 10, 2021, Gabriela Bucio had an exchange of texts with one musical artist DeeBaby who stated to Ms. Bucio that "he didn't know y'all had a malavida in Houston" and forwarded her screen shots from Defendant's social media promotion for Defendant's infringing Houston venue. A true and correct copy of texts exchanged is attached as **Exhibit M** and incorporated herein by reference.

25. On another occasion, on or about October 2, 2021, Gabriela Bucio exchanged texts with another musical artist who indicated she may be heading to Houston soon and if so, she would stop by. The artist told Plaintiff that her CEO has asked her to reach out to Mala Vida to ask Mala Vida to contact her CEO "Andy." Ms. Bucio responded and clarified that she (Ms. Bucio) was "[t]he only and original" "malavidaaustin" and that Defendant was a "knock off." The artist did not know this. A true and correct copy of texts exchanged is attached as **Exhibit N**, and incorporated herein by reference.

26. Plaintiff Mala Vida, LLC promotes its events using a variety of media, including flyers. Several examples of Plaintiff's promotional flyers as shown below next to substantially similar promotional flyers Defendant subsequently put out:



*Plaintiff's promotional flyers*



*Defendant's promotional flyers*



*Plaintiff's promotional flyers*



*Defendant's promotional flyers*



*Plaintiff's promotional flyers*



*Defendant's promotional flyers*

27.     In the above examples, Defendant uses Plaintiff's MALA VIDA mark in connection with promoting the same type of nightclub services as Plaintiff.  The term "Houston" is barely visible in Defendant's flyers, making MALA VIDA the dominant portion of Defendant's

7

trademark. True and correct copies of Plaintiff's and Defendant's confusingly similar promotional flyers are attached hereto as **Exhibit O**, and incorporated by reference.

28. Defendant, via his pseudonym Emce Ricko has reached out, and continues to reach out to, Plaintiff's exclusive DJs requesting Plaintiff's DJs perform at the Mala Vida in Houston. For example, Plaintiff recently became aware that on July 7, 2021, Defendant had solicited services from DJ Chico, one of Plaintiff's exclusive DJs, as shown in **Exhibit P**, incorporated herein by reference.

29. On June 26, 2021, Defendant made a social media post personally attacking Plaintiff's owner, Ms. Bucio, and proclaiming "YOU CANT [sic] SHUT US DOWN BITCH . [sic] THIS IS MY CITY HOE", as shown in **Exhibit Q**, incorporated herein by reference.

30. On June 30, 2021, Defendant again posted on social media attacking Plaintiff. Defendant's post proclaimed "This is Mala Vida Houston B**CH." Defendant then commented "Nomas pa la genta ardiada [sic] [sic] keep playing with me. . . I'm good at copying names [sic] [sic] besitos en el mero culo[.]" The Spanish to English translation of Nomas pa la genta ardiada is "just for the fiery people." The Spanish to English translation of besitos en el mero culo is a roughly "kiss my ass." The social media post is shown in **Exhibit R**, incorporated herein by reference.

31. Defendant is indifferent to the harm caused to Plaintiff and to the confusion his use of the identical MALA VIDA mark for his nightclub is causing among the public who perceives same as emanating from or affiliated with Plaintiff. Adding insult to injury, Defendant further unapologetically mocks Plaintiff in a video posted on social media in April 2021, as follow:

> Defendant: "Hola Mala Vida Austin! Mira no mas…Vete a la @#$%# (shoots middle finger to camera). Ja! Ja! Ja! Ja!"

*Translation:* "*Hello Mala Vida Austin! Just look…Go F#$%k Off (shoots middle finger to camera). Ha! Ha! Ha! Ha!*"

A true and correct copy of this video is attached as **Exhibit S**, and incorporated herein by reference.

32. Defendant intended to ride on, and has ridden on, the coattails of Plaintiff's established goodwill by making his MALA VIDA nightclub as similar to Plaintiff's MALA VIDA nightclub as possible. One example is that Defendant painted Defendant's MALA VIDA nightclub the same color as Plaintiff's MALA VIDA nightclub. Another example is that Defendant also adopted an almost identical DJ Drop as Plaintiff's DJ Drop. Defendant's bad faith and bad intent to infringe Plaintiff's MALA VIDA mark is supported by Defendant's bad acts.

33. Defendant also made his MALA VIDA logo evolve to look very similar to Plaintiff's logo (as shown above). True and accurate copies of examples of Defendant's MALA VIDA logos are attached as **Exhibit T**, incorporated herein by reference:

   

**October 8, 2020**    **October 23, 2020**    **June 30, 2021**    **October 22, 2021**

34. Copying and using Plaintiff's MALA VIDA mark for Defendant's nightclub is not enough. Defendant is also damaging the goodwill Plaintiff has developed in the MALA VIDA mark by degrading and insulting music artists with misogynistic, chauvinistic and vulgar comments. For example, on or about December 13, 2021, in a recording to a post on social media,

Defendant commented on the size of an artist's breasts, insisted on a discounted rate for the artist to come and host a show and told the artist Defendant just wanted the artist to come to MALA VIDA so Defendant could look at her breasts and her buttocks. A true and correct copy of the recording is attached as **Exhibit U** and incorporated by reference herein. These musical artists are likely to believe Defendant is affiliated with Plaintiff, and, therefore, associate Defendant's bad acts with Plaintiff. Defendant's intentional ugly behavior irreparably damages Plaintiff's reputation and good name as the audience likely perceives an affiliation between Defendant and Plaintiff where there is not.

35. Plaintiff also has a presence in Houston, Texas. Several times this past 2021 year, Plaintiff has put on its well-recognized MALA VIDA shows in Houston. However, as Defendant is also using MALA VIDA for its nightclub in Houston, several instances of customer confusion has occurred.

36. Finally, Defendant operates his infringing MALA VIDA business in a manner that has attracted and fostered violent behavior amongst his customers. For example, a recent shooting took place at the 45 Sports Norte Bar and Lounge, a venue where Defendant holds his "Mala Vida Fridays." This shooting ended in the tragic death of a deputy constable and the wounding of two other constable deputies. *See*, https://abc13.com/deputy-shooting-kareem-atkins-constable-mark-herman-crosstimbers/11132427/ (last accessed December 20, 2021).

37. As a result of Defendant's actions, there has been actual confusion as to whether Plaintiff is affiliated or otherwise related to Defendant's business. Such a perceived association is hurting Plaintiff's reputation as the public attributes Defendant's actions and the events that occurred at Defendant's nightclub to Plaintiff's owners and Plaintiff's MALA VIDA nightclub.

Plaintiff is being damages by Plaintiff's perceived affiliation to Defendant. Plaintiff has no desire to be associated with Defendant or Defendant's business.

38. Defendant's willful and malicious acts and/or omissions as described above and incorporated by reference herein give rise to the following causes of action:

## COUNT I
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

39. Plaintiff repeats and re-alleges the allegations in paragraphs 1-38 hereinabove.

40. Plaintiff owns and uses the MALA VIDA mark in connection with its nightclub services.

41. Defendant uses the identical MALA VIDA mark in connection with his nightclub services.

42. The use by Defendant of Plaintiff's MALA VIDA mark in conjunction with Defendant's nightclub services in direct competition with Plaintiff constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and is likely to cause confusion, or to cause mistake, or to deceive customers and prospective customers into believing those services are affiliated, connected, or associated with Plaintiff Mala Vida. Consequently, Defendant's wrongful acts are likely to divert customers away from Plaintiff. Plaintiff has been damaged.

43. Plaintiff's MALA VIDA mark is so associated with its nightclub services that the use of the same or similar marks by Defendant constitutes a representation that Defendant's services come from the same source.

44. Defendant's wrongful and willful misrepresentation to the public that he owns or has rights in the MALA VIDA mark constitutes a false and misleading description of fact.

45. Plaintiff has been and is being damaged by such false designation of origin and false descriptions of fact by Defendant. Plaintiff has no adequate remedy at law.

46. Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF STATE REGISTERED MARK Tex. Bus. Comm. Code §16.102

47. Plaintiff repeats and re-alleges the allegations in paragraphs 1-46 hereinabove.

48. Plaintiff is, and at all times mentioned in this Complaint has been, engaged in the business of nightclub services. Plaintiff is the owner of the trademark MALA VIDA for nightclub services. Plaintiff registered its MALA VIDA trademark with the Texas Secretary of State as Reg. No. 803840778. Plaintiff's MALA VIDA registration is for providing music halls, *i.e.*, nightclub services, as attached hereto as **Exhibit A**. Plaintiff's registration is valid and in full force.

49. Defendant, on or after March 2, 2020, without Plaintiff's consent, began using and continues to use a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered MALA VIDA mark in connection with selling, offering for sale, or advertising of nightclub and dance hall services.

50. Defendant, on or after March 2, 2020, began and continues to reproduce, counterfeit, copy, or colorably imitate Plaintiff's MALA VIDA mark and applies such reproduction, counterfeit, copy, or colorable imitation to signs, prints, or advertisements intended to be used in Texas in connection with the sale, offering for sale, distribution, or advertising of goods or services.

51. Defendant's use of the infringing MALA VIDA mark is likely to deceive or cause confusion or mistake as to the source or origin of goods or services. Thus, Defendant's acts, as set forth above, constitute trademark infringement under the Texas Trademark Act (Tex. Bus. & Com.

Code § 16.102).  Defendant's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.

52. Moreover, Defendant has acted with actual knowledge of Plaintiff's registered trademark and with the bad faith intent to infringe Plaintiff's registered trademark. Defendant began using the infringing MALA VIDA mark with the intent to cause confusion or mistake or to deceive, thus warranting an increase of three times the amount of profits and damages and an award of attorney's fees to Plaintiff.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiff repeats and re-alleges the allegations in paragraphs 1-52 hereinabove.

54. Plaintiff owns common law trademark rights in its mark MALA VIDA in connection with its nightclub services provided thereunder.  As the prior senior user of the MALA VIDA mark, Plaintiff has superior rights to those of Defendant, the junior user, to use MALA VIDA.  Plaintiff offers high quality nightclub services and has built a reputation associated with the MALA VIDA Mark of high-quality entertainment.

55. Defendant's use of the identical MALA VIDA mark to provide nightclub services in this State and throughout the United States, is likely to cause and has caused confusion as to the source of origin of the services in that customers of Plaintiff's services are likely to associate or have associated such services as originating with Defendant, all to the detriment of Plaintiff.

56. Defendant's actions as set forth above constitute common-law trademark infringement and unfair competition under the laws of the State of Texas.

57. Defendant's willful acts of infringement have caused damage to Plaintiff and will continue unless enjoined by this Court.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

58. Plaintiff repeats and re-alleges the allegations in paragraphs 1-57 hereinabove.

59. Defendant's acts constitute unfair competition with Plaintiff by creating confusion in the minds of the purchasing public. As a result of the confusion, Defendant has been unjustly enriched, all to the detriment and damage of Plaintiff.

60. Such willful acts of unfair competition have caused unjust enrichment to Defendant and damage to Plaintiff and will continue unless enjoined by this Court.

61. Defendant's actions as set forth above constitute common-law trademark infringement and unfair competition under the laws of the State of Texas.

## DAMAGES

62. Plaintiff repeats and re-alleges the allegations in paragraphs 1-61 hereinabove.

63. Plaintiff has been damaged by the foregoing acts of Defendant in at least the following respects:

    a. Plaintiff has lost, and is continuing to lose, valuable goodwill it has developed in the MALA VIDA mark;

    b. Plaintiff has incurred expenses in counteracting the effect of Defendant's use of the infringing MALA VIDA mark;

    c. Defendant's adoption and use of the infringing MALA VIDA mark was willful and deliberate and done with the intent to cause confusion or mistake or to deceive;

    d. Defendant has derived illegal profits from his infringing use of the MALA VIDA Mark;

    e. Unless Defendant is enjoined from the unlawful acts complained of herein, Plaintiff and the public will suffer irreparable harm, for which Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that after hearing the evidence, the Court enter a judgment as follows:

a. A preliminary and permanent injunction issue restraining Defendant, his agents, servants, employees, successors and assigns and all others in active concert and participation with him, from:

(1) using the term MALA VIDA in connection with nightclub services;

(2) using any derivation or shorthand notation of the term MALA VIDA or any similar term or logo in connection with nightclub services;

(3) soliciting any business under the MALA VIDA mark;

(4) unfairly competing with Plaintiff by using names, marks or logos similar to Plaintiff's MALA VIDA mark;

(5) registering the MALA VIDA mark in the U.S. Patent and Trademark Office or with any state in the United States as a trademark/service mark;

(6) creating confusion, mistake or deception as to the affiliation, connection or association between Defendant and Plaintiff;

(7) creating confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendant's services as those affiliated with Plaintiff;

b. Defendant be ordered to surrender for destruction all nameplates, labels, advertisements or other materials that utilize the term MALA VIDA thereon;

c. Defendant be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

  d. Defendant be required to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendant and actual damages suffered by Plaintiff as a result of Defendant's acts complained of herein;

  e. Finding this case is an exceptional case and awarding Plaintiff enhanced damages and attorney's fees because of the willful acts described herein in disregard of Plaintiff's rights;

  f. Defendant be ordered to pay Plaintiff's attorneys' fees, together with costs;

  g. Prejudgment and post judgment interest at the highest rate allowed by law; and

  h. For such other and further relief, at law or in equity, as the Court deems proper under the circumstances.

Dated: December 28, 2021            Respectfully Submitted

                          By:/s/ Miguel Villarreal, Jr.
                          Miguel Villarreal, Jr.
                          Texas State Bar No. 24042095
                          mvillarreal@gunn-lee.com
                          Brandon T. Cook
                          Texas State Bar No. 24084166
                          bcook@gunn-lee.com
                          GUNN, LEE, & CAVE, P.C.
                          8023 Vantage Dr., Suite 1500
                          San Antonio, Texas 78230
                          (210) 886-9500 Telephone
                          (210) 886-9883 Facsimile

                          **ATTORNEYS FOR PLAINTIFF**