IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MALA VIDA OF AUSTIN, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR EDUIN TOVAR aka EMC Ricko aka Emce Ricko, an Individual and dba MALA VIDA HOUSTON and dba MALA VIDA,<br><br>Defendant. | §§§§§§§§§§§§§§§§§ | Civil Action No. 1:21-cv-01173-LY<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, Plaintiff Mala Vida of Austin, LLC ("Plaintiff") hereby moves the Court for entry of a default judgment against Defendant Victor Eduin Tovar aka EMC Ricko aka Emce Ricko, an individual and dba MALA VIDA HOUSTON and dba MALA VIDA ("Defendant" or "Tovar"). Plaintiff's Motion is based on the attached declaration of counsel, the pleadings and other filings in this action, and such other additional arguments and evidence presented herein.

*A.    Procedural Background*

Plaintiff initiated this action on December 28, 2021. Doc. 1. On the same day, summons issued. Doc. 4. On January 5, 2022, at 7:45 pm, Plaintiff served the summons and complaint on Defendant Tovar via personal delivery by process server. Doc. 5. Plaintiff filed the Return of Service with the Court. Doc. 5.

1

Defendant's deadline to answer or otherwise respond to Plaintiff's complaint was January 26, 2022. Defendant did not answer or otherwise respond by January 26, 2022. *See* Exhibit A, (Declaration of Miguel Villarreal, Jr.). Plaintiff filed a Request for Entry of Default on January 27, 2022. Doc. 6. The Clerk of Court entered default against Defendant Tovar on February 1, 2022. Doc. 7. As of the filing of this motion, Defendant has not filed an answer or otherwise made an appearance in this lawsuit. *See* Exhibit A.

To the best of Plaintiff's knowledge, Defendant is not in the military, not an incompetent person, and not an infant. *Id*.

B.   *Defendant is intentionally choosing not to participate in this lawsuit.*

On January 19, 2022, attorney Jim Banque Narvios of Narvios Law Firm, PLLC, contacted Plaintiff's counsel on behalf of Defendant. *See* Exhibit A. Mr. Narvios notified Plaintiff that his law firm represents Defendant Tovar and acknowledged Defendant had been served with the pending lawsuit. *Id*. Mr. Narvios followed up on his phone call by sending Plaintiff a letter via email on behalf of Defendant apologizing for Defendant's actions, proposing settlement terms, and suggesting Plaintiff dismiss the lawsuit. *Id*.

On January 27, 2022, Plaintiff sent Mr. Narvios a copy of Plaintiff's Request for Entry of Default Judgment. *Id*. On February 1, 2022, Plaintiff sent Mr. Narvios a copy of the Default by Clerk (Doc. 7. ). Plaintiff also sent Mr. Narvios a letter via email on February 1, 2022, expressly rejecting Defendant's settlement proposal and reminding Defendant his answer was past due. *Id*.

As of the filing of this motion, Defendant has not filed anything with the Court.

C.   *Default Judgment*

Default pursuant to Federal Rule of Civil Procedure 55 "is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc.*

*v. Huerta*, Civil Action No. SA-15-CV-1049-XR, 2016 U.S. Dist. LEXIS 184353, at *1-2 (W.D. Tex. Mar. 31, 2016). Step (1) already occurred, the Clerk of Court entered default against Defendant Tovar based on his failure to answer or otherwise defend. Doc. 7.

With regard to entry of a default judgment, "the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the moving party's pleading sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, the moving party should receive." *Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420, at *8 (W.D. Tex. Aug. 7, 2020).

District courts within the Fifth Circuit consider the following six factors to determine whether entry of a default judgment is procedurally warranted: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* (quoting *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Here, the *Lindsey* factors favor granting a default judgment. There are no material facts in dispute because Defendant Tovar did not timely file a responsive pleading. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Plaintiff is prejudiced because Defendant's failure to answer frustrates the adversary process. *See Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 U.S. Dist. LEXIS 218735, at *4-5 (W.D. Tex. Nov. 23, 2020) ("[Defendant's] failure to appear and respond has ground the adversary process to a halt, prejudicing [Plaintiff's] interest in pursuing its claim for relief."). Defendant's default was

not caused by good faith mistake or excusable neglect. Defendant has legal counsel and has been provided copies of Plaintiff's Request for Entry of Default and the Clerk's Entry of Default. Defendant is choosing not to participate in this lawsuit. A default judgment against Defendant would not be unduly harsh. Plaintiff requests an injunction forcing Defendant to change the name of his nightclub services. Defendant will still be able to provide his services and earn a living, just with a different name. Accordingly, default against Defendant Tovar is procedurally warranted.

Plaintiff's Complaint sufficiently sets out facts that entitle Plaintiff to relief. Plaintiff's Original Complaint (Doc. 1) is very detailed and includes twenty-two exhibits in support thereof. Plaintiff asserted causes of action against Defendant for Unfair Competition and False Designation of Origin pursuant to 15 U.S.C. § 1125(a), Infringement of a Registered Trademark pursuant to Tex. Bus. Comm. Code §16.102, common law trademark infringement, and unfair competition under state law. Doc. 1.

The underlying issues that must be proven for Plaintiff to succeed on its causes of action are ownership of trademark rights in MALA VIDA, and use of the same or similar mark by Defendant that is likely to deceive or cause confusion or mistake as to the source or origin of Defendant's services. Plaintiff alleged, *inter alia*, that it is the owner of the MALA VIDA trademark because it has used the MALA VIDA mark in commerce in connection with providing dance hall and night club services since at least as early as February 5, 2020, and that it is the owner of record of Texas Trademark Reg. No. 803840778 for MALA VIDA. Doc. 1, Doc. 1-2. Plaintiff alleged that Defendant adopted and used the exact same MALA VIDA mark in connection with providing the same type of services as Plaintiff. Plaintiff alleged that Defendant's use of MALA VIDA has already caused actual confusion amongst the public as to Defendant's affiliation

with Plaintiff, and that such confusion is likely to continue if Defendant is allowed to continue infringing Plaintiff's MALA VIDA mark.

Plaintiff's allegations, which must be taken as true, sufficiently support its claims for violation of 15 U.S.C. §1125(a), violation of Tex. Bus. Comm. Code §16.102, common law trademark infringement, and common law unfair competition.

D.   Relief

Plaintiff requests as relief a permanent injunction against Defendant and an award of the reasonable and necessary attorney's fees Plaintiff incurred bringing this action. The Lanham Act and the Texas Business and Commerce Code both expressly provide that the Court enter a permanent injunction upon a finding of infringement. *See* 15 U.S.C. §1116; Tex. Bus. Comm. Code §16.102(c). Plaintiff respectfully requests the Court enter a permanent injunction enjoining Defendant from using Plaintiff's MALA VIDA trademark and/or any confusingly similar trademark, including but not limited to, any trademarks that include MALA or VIDA. Such injunctive relief is necessary to protect Plaintiff's goodwill in its MALA VIDA mark and to prevent further irreparable harm that would come to such goodwill if Defendant is allowed to continue infringing Plaintiff's mark.

The Lanham Act and Texas Business and Commerce Code both also expressly provide for an award of attorney's fees under appropriate circumstances. Pursuant to the Lanham Act 15 U.S.C. § 1117, the Court may award attorney's fees in exceptional cases. Pursuant to the $, the Court may award attorney's fees if the defendant committed infringement with bad faith and/or with knowledge of Plaintiff's trademark. Here, Plaintiff's allegations, which Defendant admitted are true via default, establish that attorney's fees are warranted under both statutes. Defendant intentionally copied Plaintiff's trademark with the intention of trading off the goodwill Plaintiff

created in the MALA VIDA mark. Defendant first asked for permission from Plaintiff to use Plaintiff's MALA VIDA mark. When Plaintiff refused, Defendant adopted the mark anyways despite Plaintiff's objection. Defendant clearly adopted its infringing MALA VIDA mark with actual knowledge of Plaintiff's rights in the mark. Further, Plaintiff alleged, and Defendant admitted via default, that Defendant's infringement has been willful and that this is an exceptional case warranting an award of attorney's fees.

Plaintiff appends hereto a declaration from its attorney of record attesting that Plaintiff incurred $22,713.25 in reasonable and necessary attorney's fees through February 21, 2022 in connection with this action. *See* Exhibit A. Copies of the invoices Plaintiff received from its law firm describing the time spent and work performed are also appended hereto as an exhibit to the declaration by Plaintiff's attorney. Plaintiff respectfully requests the court award Plaintiff $22,713.25 in attorney's fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request the Court enter a default judgment against Defendants permanently enjoining Defendants from using Plaintiff's MALA VIDA mark and/or any similar mark thereto, including but not limited to, marks containing either MALA or VIDA, finding Defendant's infringement was willful and with knowledge of Plaintiff's trademark rights, therefore, making this case exceptional and warranting an award of attorney's fees, awarding Plaintiff $22,713.25 in attorneys' fees, and granting any further additional relief, at law or in equity, as the Court deems proper and just.

Dated: February 23, 2022                                        Respectfully Submitted

                                                                By:/s/ Miguel Villarreal, Jr.
                                                                Miguel Villarreal, Jr.
                                                                Texas State Bar No. 24042095
                                                                mvillarreal@gunn-lee.com

Brandon T. Cook
Texas State Bar No. 24084166
bcook@gunn-lee.com
GUNN, LEE, & CAVE, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing "Plaintiff's Motion for Default Judgment" was served on Defendant's attorney Jim Narvios on February 23, 2022 in the manner identified below:

Jim Banque Narvios
Narvios Law Firm, PLLC
7324 Southwest Freeway, Suite #988
Houston, TX 77074
Via First Class Mail
Via email: jim@narvioslawfirm.com

/s/ Miguel Villarreal, Jr.
Miguel Villarreal, Jr.

7